**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Dale McCray, | No. CV-17-01658-PHX-DJH |
| Petitioner, | DEATH-PENALTY CASE |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Frank Dale McCray has filed a motion for recusal. (Doc. 33.) Respondents take no position on the motion, noting only that the Court denied a similar motion under similar circumstances in *Morris v. Ryan*, No. CV-17-00926-PHX-DGC. (Doc. 34.) For the reasons set forth below, the Court will deny the motion.

I.     Background

Petitioner was sentenced to death in Arizona state court and remains in custody. He filed a petition for habeas corpus on April 26, 2018. (Doc. 14.) The Honorable Douglas L. Rayes, a United States District Judge in this district, presided over McCray's trial and postconviction proceedings while serving as a Maricopa County Superior Court Judge. Petitioner argues that the undersigned judge should recuse from this case because the habeas petition argues that Petitioner's constitutional rights were violated in state court by Judge Rayes's rulings, and Judge Rayes is now a colleague on this Court. (Doc. 33.) Petitioner argues that a reasonable person would conclude that the undersigned will be unable to impartially decide Petitioner's claims due to her professional relationship with

her colleague. (*Id.*) After considering the applicable law and facts of this case, the Court does not agree.

## II.    Applicable Law

Judges are presumed to be honest and to serve with integrity. *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975); *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008). In the absence of a reasonable factual basis for recusal, a judge should participate in cases assigned to her. *United States v. Holland*, 519 F.3d 909, 912 (2008). Federal judges are, however, required by 28 U.S.C. § 455(a) to recuse themselves from any proceeding in which their impartiality might reasonably be questioned, even where no conflict of interest exists. *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990).

The standard for judging the appearance of partiality is objective: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). Stated differently, the question is whether a reasonable person would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990). The reasonable person in this context means a well-informed, thoughtful observer, not a "'hypersensitive or unduly suspicious person.'" *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citing *Mason*, 916 F.2d at 386). And because there is always "*some* risk" of partiality, the risk must be "substantially out of the ordinary." *Mason*, 916 F.2d at 386 (emphasis in original).[1]

Analysis of a recusal motion is "necessarily fact-driven" and "must be guided . . . by an independent examination of the unique facts and circumstances of the particular claim at issue." *Holland*, 519 F.3d at 913. Some matters are not ordinarily sufficient to

---

[1] Moreover, only "highly exceptional circumstances" mandate disqualification of an entire district. *See Clemens*, 428 F.3d at 1180. Though Petitioner moves only for disqualification of the undersigned, recusal of the entire bench is the logical consequence suggested by the extension of Petitioner's motion to all judges in the district.

require a § 455(a) recusal, including "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." *Clemens*, 428 F.3d at 1178 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

Finally, a judge has a duty to hear an assigned case when there is no legitimate reason to recuse. *Holland*, 519 F.3d at 912; *Clemens*, 428 F.3d at 1179. Indeed, "[i]t is vital to the integrity of the system of justice that a judge not recuse himself on unsupported, irrational or highly tenuous speculation." *McCann v. Communication Design Corp.*, 775 F. Supp. 1506, 1523 (D. Conn. 1991) (citing *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). Section 455(a) "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Holland*, 519 F.3d at 913 (citing *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).

III.    Analysis

The Court begins with the "critically important" identification of the specific factual circumstances that might "cause an objective observer to question [the Court's] impartiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). Here, there is only one: the undersigned serves on the United States District Court for the District of Arizona as a colleague to Judge Rayes, who, as a state-court judge, presided over Petitioner's trial and post-conviction proceedings. No other fact is presented, and the Court concludes that this fact alone does not warrant disqualification. A reasonable observer with knowledge of all the facts would not, without more, question the partiality of the Court in presiding over this federal habeas case.

Petitioner argues that disqualification is common when a fellow judge is a party to a legal proceeding. (Doc. 33 at 5) Judge Rayes, however, is not a party to this habeas proceeding and the cases cited by Petitioner do not support recusal under the factual circumstances of this case, as explained below.

In *United States v. Singer (Singer II)*, 575 F. Supp. 63, 68 (D. Minn. 1983), the judge

at issue was the Chief Judge of the District of Minnesota, whose extensive comments and judicial coaching of the prosecutor in front of the jury throughout a criminal trial resulted in reversal on appeal and remand for a new trial. *See United States v. Singer*, 710 F.2d 431, 436 *(Singer I)* (8th Cir. 1983). On remand, the Chief Judge recused himself and a district court judge from the same bench was assigned. *Singer II*, 575 F. Supp. at 68. The newly assigned judge recused herself because the Chief Judge was the subject of testimony in motions that had been filed and the Chief Judge might be called as a witness. The court determined that a reasonable person might question whether judges in the district "might be affected in ruling, either consciously or subconsciously, by friendship or a spirit of collegiality or because of the relationship between judges on the same bench," and recused the entire district court bench. *Id.*

In this case, Judge Rayes is not a party or former counsel to a party, nor is he a potential witness. The Court will have no occasion to judge his credibility or the propriety of any public comments he may have made outside the course of his regular judicial duties. The Court will be required to rule on claims that Judge Rayes committed constitutional error in state court proceedings, but it is not uncommon for district judges to pass on the correctness of another judge's judicial actions. District judges routinely review decisions by magistrate judges who are colleagues housed in the same courthouse and working on the same caseload. Parties often cite as authority decisions by a district judge's colleagues on the same court, requiring the district judge to state publicly whether he or she agrees with the colleagues' decisions. And it is common for district judges to rule on alleged errors by state court judges who may well be colleagues in various bench and bar activities. Given these regular occurrences, the Court cannot conclude that review of Judge Rayes's state court decisions in this case is "substantially out of the ordinary." *See Mason*, 916 F.2d at 386. An objective, well-informed observer would not perceive a substantial risk of impartiality in such a situation.

The facts presented in *Elston v. Roberts*, 232 Fed. App. 824, 825 n.2 (10th Cir.

2007), are also dissimilar to this case. The entire district court bench in *Elston* recused because the defendant in a criminal trial had married an employee of the court. *Elston v. Roberts*, 2006 WL 3337504, \*1 (D. Kansas Nov. 16, 2006). The outcome of the criminal proceeding, of course, was likely to have a direct impact on the court employee. No similar impact is possible for Judge Rayes in this case.

The other cases cited by Petitioner are also distinguishable. In *United States v. Brandau*, 578 F.3d 1064, 1070 (9th Cir. 2009), the Court of Appeals assigned a case that challenged the constitutionality of a rule promulgated by the judges of the Eastern District of California, as well as their very authority to promulgate the rule, to an out-of-district judge. There was little discussion about the nature of the conflict, but it is not surprising that a judge's impartiality would be called into question when the judge is asked to rule on the propriety of actions he or she has taken with the entire court. Moreover, the appellate court in *Brandau* granted the recused judges the right to retain counsel and intervene in the rule challenge, demonstrating their personal interest in the proceeding. *Id.* Judge Rayes has no similar personal interest in the outcome of this case.

Similarly, in *Russell v. Lane*, 890 F.2d 947, 948 (7th Cir. 1989), recusal was required because it was improper for a judge to sit on the appeal of his own case.

In *60 Key Ctr. Inc. v. Adm'r of Gen. Servs. Admin. (GSA)*, 47 F.3d 55, 56 n.1 (2d Cir. 1995), the district judges in the Western District of New York recused themselves because the case "impacted upon" the United States Courthouse for that district. This case will not impact the work or interests of Judge Rayes as a United States District Court Judge. His previous work as a state court judge will be reviewed in this habeas proceeding, but such review happens on a regular basis. As one court has explained, "the more common a potentially biasing circumstance and the less easily avoidable it seems, the less that circumstance will appear to a knowledgeable observer as a sign of partiality." *In re Allied–Signal Inc.*, 891 F.2d 967, 971 (1st Cir. 1989).

Next, Petitioner asserts that, in cases similar to this, judges in this district have

- 5 -

recused themselves when asked to review a colleague's past actions as a judge or a lawyer. (Doc. 33 at 4) (citing *Michael Poland v. Lewis*, No. CIV 90-1822-EHC; *Patrick Poland v. Lewis*, No. CIV 90-1823-PHX-RCB; *Jones v. Ryan*, No. CV-01-00592-TUC-TMB.) This argument is unpersuasive for two reasons. First, the recusal of the assigned judges under the circumstances presented in those cases does not dictate recusal under the circumstances of this case. *See Holland*, 519 F.3d at 913 ("Disqualification under § 455(a) is necessarily fact-driven and may turn on subtleties in the particular case."). Rather, this Court "must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *Holland*, 519 F.3d at 913 (quoting *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999)).

Second, the circumstances of the cases cited by Petitioner are dissimilar to this case. In *Jones*, the entire Arizona District Court bench recused itself in a capital habeas petition when an evidentiary hearing was set at which a magistrate judge, formerly petitioner's defense counsel, was the subject of an ineffective assistance of counsel claim and was listed as a witness in an evidentiary hearing on the claim. (Doc. 55, Ex's. D–E) (*see also Jones v. Stewart*, No. CV-01-00592-TUC-FRZ (D. Ariz. Nov. 7, 2016) (Reporter's Transcript ("RT") 10/30 17 at 44.) As previously noted, Judge Rayes is not a witness in this case.

In the *Poland* cases, the Honorable Paul Rosenblatt had become a federal district court judge and was on the bench when these capital habeas cases were brought in district court. As a trial court judge presiding over the *Poland* cases in Yavapai County, however, Judge Rosenblatt had found the aggravating factors proven and had also found that the mitigating circumstances were not sufficiently substantial to call for leniency and sentenced the defendants to death. *State v. (Patrick) Poland*, 698 P.2d 183, 201 (Ariz. 1985); *State v. (Michael) Poland*, 698 P.2d 207, 209 (Ariz. 1985). Unlike the *Poland* cases, the aggravating factors and death sentence were determined by a jury in this case. *State v. McCray*, 218 Ariz. 252, 256 (2008). Furthermore, though Petitioner notes that Patrick

Poland moved for all district judges in the district to be recused, in part because a judge in the district had served as the state trial judge in the petitioner's case, (*See* Doc. 33 at 4) (citing Mot. to Recuse, *Patrick Poland v. Lewis*, No. CIV 90-1823-PHX-RCB (D. Ariz. Apr. 8, 1992), Doc. 44)), the assigned district court judges in the *Poland* cases ultimately recused themselves on their own summary motions, without setting forth any specific facts. (Doc. 33, Exs. A–C.)

Finally, Petitioner suggests that the Court would be disinclined to believe Judge Rayes had made unconstitutional or unreasonable rulings due to "friendship or a spirit of collegiality or because of the relationship between judges on the same bench." *Singer II*, 575 F. Supp. at 68. The Court does not agree. In *Clemens*, the Ninth Circuit addressed a petitioner's assertion that personal relationships among the district's judges mandated recusal where the petitioner was charged with making threats against three of the judges in the Central District of California. *Clemens*, 428 F.3d at 1176. The district court judge presiding over Clemens's criminal trial had not been the subject of any of the threats, and despite the judge's collegial relationship with the threatened judges, the Ninth Circuit declined to disqualify all judges in the Central District of California. *Id.* The Ninth Circuit explained that § 455(a) does not require recusal on the basis of speculation, and that Clemens had merely "speculate[d]—but [did] not tender any evidence—about personal relationships among the judges of the Central District that might give rise for a reasonable observer to question the impartiality of the judges." *Id.* at 1180. Such speculation runs counter to the oath of office taken by federal judges, in which the judges solemnly swear to administer justice "impartially" and "without respect to persons." 28 U.S.C. § 453. In the absence of specific supporting evidence, such speculation does not give rise for a reasonable observer to question the impartiality of this Court.

IV.    Conclusion

In the absence of a reasonable factual basis for recusal, the Court has a duty to hear all assigned cases, including this one. *Holland*, 519 F.3d at 912. The Court does not find a

reasonable factual basis for recusal. Although this case challenges rulings Judge Rayes made as a state court judge several years ago, the task of passing on decisions of other judges is not "substantially out of the ordinary," *Mason*, 916 F.2d at 386, nor does it present the "highly exceptional circumstances" needed to disqualify this entire district, *Clemens*, 428 at 1180.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Recuse (Doc. 33) is DENIED.

Dated this 28th day of May, 2019.

Honorable Diane J. Humetewa
United States District Judge